# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-737-F |
| | ) |
| DENIS McDONOUGH, | ) |
| SECRETARY OF VETERANS | ) |
| AFFAIRS, THE DEPARTMENT OF | ) |
| VETERAN AFFAIRS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Denis McDonough, Secretary of Veterans Affairs (McDonough), moves for dismissal under Rule 12(b)(6), Fed. R. Civ. P. Doc. no. 5. Defendant The Department of Veterans Affairs (the Department) moves for dismissal under Rule 21, Fed. R. Civ. P. *Id.* Plaintiff Eric Smith (Smith) has responded, opposing the requested relief, and McDonough and the Department have replied. Doc. nos. 6 and 7. The matter is at issue.

I.

At all relevant times, Smith was employed as Laundry Foreman at the Oklahoma City Veterans Affairs Medical Center. He brings this action alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 701, *et seq*.

McDonough seeks dismissal of the Title VII and Rehabilitation Act claims under Rule 12(b)(6), arguing Smith fails to state a plausible claim of relief against

him.  The Department seeks to dismiss the Title VII and Rehabilitation Act claims under Rule 21, arguing it is improperly named as a defendant to the action.

## II.

At the outset, the court agrees with the Department that it is an improper party to this action.  Title VII requires naming "the head of the department, agency, or unit" as the defendant.  42 U.S.C. § 2000e-16(c).  In addition, the Rehabilitation Act "operates under the procedural constraints of Title VII[,]" Johnson v. U.S. Postal Service, 861 F.2d 1475, 1478 (10th Cir. 1988) (citing 29 U.S.C. § 794a(a)(1)), and is therefore subject to Title VII's naming requirement.  *Id*.  Consequently, the court concludes that the Department should be dropped as a defendant pursuant to Rule 21, and Smith's complaint and action against the Department will be dismissed without prejudice.

## III.

With respect to his Title VII claims against McDonough, Smith is not required to specifically allege all the elements of a prima facie case of discrimination.  *See*, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002).  Nevertheless, "the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim."  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).  "[G]eneral assertions of discrimination . . . without any details whatsoever of events . . . are insufficient to survive a motion to dismiss.  While '[s]pecific facts are not necessary'. . . some facts are."  *Id*. at 1193 (alternation in original) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)).

The elements of a Title VII hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on sex, color or national origin; and (4) the harassment was sufficiently severe or pervasive that it ""altered a term, condition, or privilege of the plaintiff's employment and created an abusive

2

working environment.""" Lounds v. Lincare, Inc., 812 F.3d 1208, 1222 (10th Cir. 2015) (quoting Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007) (quoting Dick v. Phone Directories Co., 397 F.3d 1256, 1262-63 (10th Cir. 2005)).

While Smith alleges that he is a member of three protected groups – male, Black, and African-American – and that he was subjected to unwelcome harassment, he fails to allege any facts to support a contention that the unwelcome harassment was based on his sex, color, or national origin. Hostile work environment harassment must be based on plaintiff's sex, color or national origin or stem from discriminatory animus. *See*, Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 960 (10th Cir. 2012); O'Shea v. Yellow Technology Services, Inc., 185 F.3d 1093, 1097 (10th Cir. 1999). The complaint provides no facts supporting a reasonable inference that the unwelcome harassment was based on Smith's sex, color, or national origin or stemmed from discriminatory animus. Also, Smith fails to plead any facts to support a reasonable inference that the work environment was "'permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Brown v. LaFerry's LP Gas Co., Inc., 708 Fed. Appx. 518, 520 (10th Cir. 2017) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). The court therefore concludes that Smith fails to allege a plausible Title VII hostile work environment claim based upon sex, color, or national origin. As it is not clear an amendment would be futile, the court will dismiss the Title VII hostile work environment claims without prejudice, with leave to amend.

To state a prima facie case of sex, color or national origin discrimination based upon disparate treatment, Smith must allege facts to show: (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *See*, E.E.O.C. v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007).

Smith alleges he belongs to protected classes—male, Black, and African-American, and that he suffered an adverse employment action—a three-day suspension. Smith, however, fails to allege facts sufficient to plausibly support an inference that the three-day suspension took place under circumstances giving rise to an inference of sex, color, or national origin discrimination. From a review of the complaint and briefing, it appears that Smith seeks to satisfy the inference of discrimination requirement by alleging that his employer treated similarly situated employees more favorably. Plaintiff points to employees, Mark Smith and Kim Brewer. However, plaintiff does not allege any facts that Mark Smith or Kim Brewer are of a different color or national origin than he. As a result, the court concludes that plaintiff fails to allege a plausible Title VII discrimination claim based upon color or national origin. Although Kim Brewer appears to be of a different sex, plaintiff fails to allege any facts to reasonably support an inference that she is a similarly situated employee. The court therefore concludes that plaintiff also fails to allege a plausible Title VII discrimination claim based upon sex. Because it is not clear an amendment would be futile, the court will dismiss the Title VII disparate treatment claims without prejudice, with leave to amend.

IV.

Turning to the Rehabilitation Act claims, the court initially concludes that Smith fails to allege a plausible hostile work environment claim.[1] A hostile work environment claim under the Rehabilitation Act requires a plaintiff to show that he is a "'qualified individual with a disability.'" Clancy v. Miller, 837 Fed. Appx. 630, 635 (10th Cir. 2020) (quoting 29 U.S.C. § 794(a)). "'When the claim is for discrimination based on actual disability, the plaintiff must show a physical or

---

[1] It appears the Tenth Circuit recognizes such a claim. *See*, Clancy v. Miller, 837 Fed. Appx. 630 (10th Cir. 2020) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

mental impairment that substantially limits one or more major life activities.'" *Id*. "Major life activities include, for example, brain function, sleeping, reading, concentrating, thinking, communicating, and working." *Id*. (quotations omitted).  In the complaint, Smith fails to allege any facts to reasonably support an inference that he has a physical or mental impairment that substantially limits one or more major life activities.

Further, Smith fails to allege facts sufficient to plausibly support an inference that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently sever or pervasive to alter the conditions of employment and create an abusive working environment." Dye v. Moniz, 672 Fed. Appx. 836, 839 (10th Cir. 2016) (quotation omitted).[2]  The court therefore concludes that Smith fails to allege a plausible hostile work environment claim under the Rehabilitation Act.  As it is not clear an amendment would be futile, the court will dismiss the Rehabilitation Act hostile work environment claim without prejudice, with leave to amend.

To make out a prima facie case of disability discrimination under the Rehabilitation Act, Smith must allege facts to show: "(1) [he] is a handicapped person within meaning of the Act; (2) [he] is otherwise qualified for the job; and (3) [he] was discriminated against because of [his] handicap." Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997).  In his complaint, Smith fails to allege facts sufficient to plausibly support an inference that he is a handicapped person within the meaning of the Rehabilitation Act or that he was discriminated against because of his handicap.  Thus, the court concludes that Smith fails to allege a plausible disability discrimination claim under the Rehabilitation Act.  Because it is not clear

---

[2] Unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A).

an amendment would be futile, the court will dismiss the Rehabilitation Act disability discrimination claim without prejudice, with leave to amend.

V.

For the reasons stated, Defendant The Department of Veterans Affairs' Motion to Dismiss (doc. no. 5) is **GRANTED**. Defendant The Department of Veterans Affairs is **DROPPED** as a defendant under Rule 21, Fed. R. Civ. P., and plaintiff Eric Smith's complaint and action against defendant The Department of Veterans Affairs is **DISMISSED WITHOUT PREJUDICE**.

Defendant Denis McDonough, Secretary of Veterans Affairs' Motion to Dismiss (doc. no. 5) is also **GRANTED**.

All Title VII claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P.

All Rehabilitation Act claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff Eric Smith is **GRANTED** leave to file an amended complaint within 21 days from the date of this order to cure the deficiencies of his Title VII and Rehabilitation Act claims. Failure to comply will result in a judgment dismissing plaintiff's claims in accordance with this order.

IT IS SO ORDERED this 20th day of December, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0737p001.docx